UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4505

CARL TRACEY BURGESS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-95-1069)

Submitted: October 20, 1997

Decided: March 30, 1998

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
William E. Day, II, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Carl Tracy Burgess was convicted by a jury of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (1994). He was subsequently sentenced to 78 months imprisonment. On appeal, Burgess contends that the district court erred in ruling he was not entitled to counsel at a post-arrest, pre-indictment line-up and in admitting evidence of allegedly unduly suggestive pretrial identifications and unreliable in-court identifications. Finding no reversible error, we affirm.

Viewed in the light most favorable to the Government, the record discloses that a man carrying a handgun robbed a South Carolina bank of $1000 in ten dollar bills. Three bank tellers described the robber as an African American male in his mid-twenties, approximately 5'3"-5'6" tall and weighing 150 pounds. The robber was wearing blue jeans, a blue hat, a blue jacket, and tennis shoes.

Local police retrieved the robber's palm print and shoe print off the bank counter and subsequent tests revealed that the prints were Burgess's. The police located Burgess at an abandoned house and arrested him. Upon Burgess's arrest, police discovered a piece of paper with numbers attached to his driver's license. Burgess stated that he had gone to the bank that morning. Further investigation disclosed that the numbers on the paper represented the account number of a different Carl Burgess, who held an account at the bank.

At the police station, Burgess participated in a line-up with five other African American males. The closest male to Burgess's height (5'6") was 5'10". Burgess was also the only one in the line-up without facial hair. All of the men were dressed similarly. Two bank tellers identified Burgess from the line-up. Photographs of the line-up were taken during these identifications, and both tellers also identified Burgess from this photo spread several days later. Another teller also positively identified Burgess as the robber from the photo spread. All of the bank tellers testified at trial that they each had ample opportunity to observe the robber more than once that day and at a close distance. Each was certain that the robber and Burgess, the man they identified, were the same person.

2

Burgess contends the district court erred in ruling he was not entitled to have counsel present at his post-arrest, pre-indictment line-up. A person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversarial judicial proceedings have been initiated against him, whether by way of formal charge, preliminary hearing, indictment, information or arraignment. See Kirby v. Illinois, 406 U.S. 682, 689 (1972). However, the Supreme Court has refused to draw a line at indictment to indicate the onset of criminal proceedings. See Moore v. Illinois, 434 U.S. 220 (1977). The crucial inquiry is whether authorities have committed themselves to prosecute, signifying the point at which the "adverse positions of government and defendant have solidified . . . ." Kirby, 406 U.S. at 689.

Burgess was arrested and brought to the police station the same day as the robbery. He participated in the line-up shortly after his arrival. The record suggests that Burgess was not formally booked until after the line-up, and his arrest warrant not served until the next day. Under these circumstances, adversarial judicial proceedings did not commence prior to the line-up. Furthermore, we do not find that the Government assumed the adversarial role to the degree necessary to create the attachment of Burgess's right to counsel during the line-up identification. See United States v. Larkin, 978 F.2d 964 (7th Cir. 1992). Because Burgess was not entitled to have an attorney present during the line-up, the court properly admitted those identifications.

Burgess also maintains the district court improperly admitted in-court identification testimony based upon an unduly suggestive line-up and photo spread. Findings of fact made by a district court in ruling on a motion to suppress are reviewed for clear error, but the ultimate suppression decision is reviewed de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). A court must engage in a two-step inquiry in determining whether identification testimony is admissible. United States v. Wilkerson, 84 F.3d 692, 695 (4th Cir. 1996). First, the defendant must establish that the identification procedure was impermissibly suggestive. Manson v. Brathwaite, 432 U.S. 98, 110 (1977). Second, even if the procedure is found to be unduly suggestive, the in-court identification is valid if it was reliable. Id. at 114.

We may proceed directly to the reliability of the identification without determining whether the defendant has met the threshold

3

requirement of suggestiveness. <u>Holdren v. Legursky</u>, 16 F.3d 57, 61-62 (4th Cir. 1994). In evaluating the reliability of the identification, we consider (1) the witness's opportunity to view the perpetrator at the time of the crime; (2) the witness's degree of attention at the time of the offense; (3) the accuracy of the witness's prior description of the perpetrator; (4) the witness's level of certainty when identifying the defendant as the perpetrator at the time of confrontation; and (5) the length of time between the crime and the confrontation. <u>Neil v. Biggers</u>, 409 U.S. 188, 199-200 (1972).

Because we find the identifications reliable under <u>Biggers</u>, we do not address the question of the alleged suggestiveness of the pre-trial identifications. All three tellers made independent, unequivocal, positive identifications after observing the robber more than once during the day and at a very close distance. Under these circumstances, we find the witnesses' pretrial and in-court identifications of Burgess reliable and admissible. Accordingly, we affirm Burgess's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4